**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MOMODOU DODOU NJIE,      :
                                :
     **Plaintiff**        :
                                :   **CIVIL NO. 3:CV-08-2043**
  **v.**                          :
                                :   **(Judge Caputo)**
DOMINICK D. DeROSE, *et al.*,   :
                                :
     **Defendants**     :

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff Momodou Dodou Njie, an inmate formerly housed at the Dauphin County Prison, in Harrisburg, Pennsylvania,[1] initiated this *pro se* action by filing a Complaint pursuant to the provisions of 42 U.S.C. § 1983.

Presently pending before the Court are three unopposed Motions to Dismiss filed by the various defendants. (*See* Docs. 18, 21 and 23.) All motions are properly briefed by the respective defendants. Plaintiff's brief in opposition to each motion is overdue. Moreover, Njie has not sought an enlargement of time in which to do so.

A dispositive motion generally may not be granted merely because it is unopposed. Since Local Rules of Court must be "construed and applied in a

---

[1]   Njie is presently housed at the York County Prison, in York, Pennsylvania. (*See* Doc. 26, Notice of Change of Address).

manner consistent with the Federal Rules of Civil Procedure," *Anchorage Assoc. v. Virgin Islands Board of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990), the disposition of an unopposed motion ordinarily requires a merits analysis. The United States Court of Appeals for the Third Circuit has stated, however, that Middle District of Pennsylvania Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency "if a party fails to comply with the rule after a specific direction to comply from the court." *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

Middle District of Pennsylvania Local Rule 7.6 provides that if a party fails to file an opposing brief within fifteen (15) days after service of the movant's brief, the motion will be deemed unopposed. However, in fairness to this *pro se* litigant, the court will grant additional time for Plaintiff to respond to the various defendants' potentially dispositive motions, and direct him to file a brief in opposition to each within fifteen (15) days from the date of this Order. If Plaintiff fails to oppose the motions or otherwise communicate with the court within fifteen (15) days of the date of this Order, the court will grant the Motion as unopposed without a merits analysis under the authority of *Stackhouse*.[2]

**NOW, THEREFORE, THIS <u>25th</u> DAY OF AUGUST, 2009, IT IS HEREBY ORDERED AS FOLLOWS:**

---

[2] This Order was originally issued on August 11, 2009, (doc. 27) only to be returned as undeliverable (doc. 28). Upon inquiry with the York County Prison, it was learned the Court was using an incorrect ID number for Njie. The Clerk's Office will be directed to correct Njie's inmate number on the docket to avoid future mailing problems.

1. Within fifteen (15) days from the date of this Order, Plaintiff shall file a brief in opposition to the various defendants' motions to dismiss. (*See* Docs. 18, 21 and 23.)

2. If Plaintiff fails to file an opposition brief, the court will deem the motion unopposed under M. D. Pa. L. R. 7.6, and the motion will be granted without a merits analysis. *See* M. D. Pa. L. R. 7.6; *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

3. The Clerk of Courts is directed to amend the docket to reflect Njie's York County Prison ID number as: 129121.

<u>**/s/ A. Richard Caputo**</u>
**A. RICHARD CAPUTO**
**United States District Judge**