IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MOMODOU DODOU NJIE,** : | |
| : | |
| **Plaintiff** : | |
| : | CIVIL NO. 3:CV-08-2043 |
| **v.** : | |
| : | (Judge Caputo) |
| **DOMINICK D. DeROSE,** *et al.*, : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

## I.  Introduction

The pro se plaintiff, Momodou Njie, filed this civil rights action arising from events that transpired during his imprisonment at the Dauphin County Prison (DCP) in Harrisburg, Pennsylvania.[1] Mr. Njie has identified three categories of defendants in his action: those employed by the DCP (Dominick DeRose, Jeff Haste, Nick DeFrancisco, Edward Marsico, Deputy Warden Nichols and Deputy Warden Carroll); unidentified employees of PrimeCare Medical, Inc., the contracted entity responsible for providing medical care to DCP prisoners; and Stephen Reed, the Mayor of the City of Harrisburg.  Presently before the Court are three separate motions to dismiss filed by the three distinct groups of defendants challenging Mr. Njie's failure to state a claim against them for various reasons, *inter alia,* their apparent lack of personal involvement in the underlying Sixth and Eighth Amendment violations.  The Court will grant the defendants' motions to dismiss but

---

[1] Mr. Njie was released from custody on September 14, 2009, and is presently residing in Hendersonville, Tennessee.  (*See* Doc. 32.)

give Mr. Njie the opportunity to amend his complaint to identify those individuals who were personally involved in the alleged unconstitutional behaviors.

## II. Background

On or before June 16, 2008, the housing unit in which Mr. Njie was located at the DCP was placed on lockdown status. (Doc. 1, Compl.) On June 16, 2008, however, some inmates decided "to challenge" the lockdown by refusing to cooperate with DCP staff. During the quelling of the disturbance, Mr. Njie and others were maced. Inmates, including Mr. Njie, were then roughly strip searched on camera, and the water was turned off to the housing unit. (*Id.*)

An unidentified registered nurse refused to examine Mr. Njie's painful wrists after he was "dragged down the hallway" and strip searched by DCP staff. (*Id*. at R. 4.)[2] Additionally, his complaints of fever and migraines also went untreated and his medication was withheld.

"Everything [Mr. Njie] had was taken away" by DCP staff "whether you were a part of [the disturbance] or not." (*Id*. at R. 3.) Personal, legal and religious materials were confiscated by DCP officials. For 23 days, Inmates were fed baloney sandwiches for breakfast, lunch and dinner. Mr. Njie was denied showers for almost two weeks, forced to sit "in poop for 3 weeks," and refused cleaning supplies to sanitize his cell during this time. Mr. Njie asserts he was forced to endure these

---

[2] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

-2-

unsanitary living conditions for an extended period of time without relief. Mr. Njie had asked Deputy Warden Carroll to move him before the incident occurred but his request was denied. (*Id*.) "The County Board of Members, City of Harrisburg and Prison Administration not only were aware of the unconstitutional conditions of confinement ... they allowed it to continue since the whole incident was videotaped." (*Id*. at R. 5.) Mr. Njie claims that he will need therapy for the rest of his life "since the Mayor of Harrisburg an elected official and policy maker allows the prison to torture people, degrade them and let them sweep it under the rug." (*Id*.)

### III.     Standard of Review

Under Rule 12(b)(6), we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in Plaintiff's favor. See *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007)(quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Marangos v. Swett*, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing *Ashcroft v. Iqbal,* ___ U.S. ___, ___, 120 S.Ct. 1937, 1949-1950, 173 L.Ed.2d. 868 (2009)). In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed. 929 (2007), and the factual allegations "must be enough to

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965 (internal citations omitted); *accord Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." (*Id.*, ___ U.S. at ___, 120 S.Ct. at 1950 (internal quotations and citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id.*, ___ U.S. at ___, 120 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965)).

Additionally, pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend, "unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint which sets forth facts affirmatively demonstrating that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

**IV.    Discussion**

   *A.    Personal Involvement of Named Defendants*

The Honorable Mayor Reed and the DCP defendants (DeRose, Haste, DeFrancisco, Marsico, Nichols, and Carroll) seek the dismissal of the Complaint based on Mr. Njie's failure to allege any personal involvement on their part in

violating any of his constitutional rights, and that they cannot be held liable solely on the basis of *respondeat superior*.³ (Doc. 19, DCP Defs.' Br. in Support Mot. to Dismiss; *see also* Doc. 24, Mayor Reed's Br. in Support Mot. to Dismiss.)

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988)). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. *Rode*, 845 F.2d at 1207-08; *see Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). It is also well established that liability in a civil rights action cannot be predicated solely on the doctrine of *respondeat superior. See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)(claims brought under 42 U.S.C. § 1983 cannot be premised on a theory of *respondeat superior*)(citing *Rode*, 845 F.2d at 1207). "Supervisors may be held liable under § 1983 for constitutional violations of their subordinates if it is shown that they, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *Tsakonas v. Cicchi*, 308 Fed. Appx. 628, 632 (3d Cir. 2009); *see also Sample v. Diecks*, 885 F.2d 1099, 1117-118 (3d Cir. 1999)(supervisory liability may attach if supervisor's actions or inactions were the

---

³ By an Order dated August 25, 2009, Mr. Njie was ordered to file a brief in opposition to the three pending motions to dismiss, including Mayor Reed's. The Order warned Mr. Njie that his failure to file a brief in opposition to the pending motions, or otherwise communicate with the Court, within the requisite time frame the Court would grant the pending motions as unopposed without a merits analysis. Mr. Njie filed briefs opposing the DCP defendants' and PrimeCare's motions. However, as he has not opposed Mayor Reed's motion to dismiss, it will be granted as unopposed.

"moving force" behind the harm suffered by the plaintiff). Thus, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *Rode, supra*. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

The Third Circuit Court of Appeals requires a defendant's contemporaneous, personal knowledge and acquiescence, in order to establish personal knowledge. After the fact knowledge will not suffice. Participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement. *See Rode*, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *Brooks v. Beard*, 167 Fed. Appx. 923, 925 (3d Cir. 2006)(nonprecedential)(holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct); *see also Burnside v. Moser*, 138 Fed. Appx. 414, 416 (3d Cir. 2005)(failure of prison official to process administrative grievance did not amount to a constitutional violation or personal involvement in the alleged constitutional deprivation grieved).

None of the named DCP defendants are alleged to have personally confiscated Mr. Njie's personal, legal or religious property. Nor are they alleged to be personally involved in the events where he was handcuffed or "dragged" down

the hall to be strip searched. None of the named DCP defendants are alleged to have personally touched or even spoken to Mr. Njie on or after June 16, 2008. Mr. Njie makes no assertion that excessive force was used against him at the personal direction, or with the contemporaneous knowledge, of any of the DCP defendants. The only mention of contact with a DCP defendant occurred "before the incident" when Mr. Njie asked Deputy Warden Carroll to move him to a different area. (Doc. 1 at R. 4.) There is no indication that Warden Carroll knew, or should have known, of the events of June 16, 2008, prior to their occurrence thus anticipating the need to remove Mr. Njie from harms way. Likewise, Mr. Njie provides no information as to the DCP defendants' personal knowledge of the unsanitary conditions or squalor he claimed to be enduring while in lockdown status or the denial of medical care for a serious medical need. Mr. Njie's opposition brief adds little to oppose the DCP defendants' claim of lack of personal involvement in the underlying claims. His general assertion that defendants "were fully involve[d] and they deliberately wanton with evil intent willfully with deliberate indifference violated the plaintiff's Constitutional rights" does not make it so. *Twombly, supra*. Granting the DCP defendants' motion to dismiss on the basis of Mr. Njie's failure to allege their personal involvement in the alleged unconstitutional acts is appropriated. However, the Court will grant Mr. Njie the opportunity to amend his complaint to state a claim against those specific DCP employees who allegedly denied him medical care, used excessive force against him, confiscated his personal, legal and religious property, as well as those who knew that his conditions of confinement posed a risk to him and yet failed to alleviate them.

*B. Claims Against PrimeCare Medical, Inc.*

PrimeCare Medical, Inc. (PrimeCare) provides contract medical services to inmates confined at the DCP. PrimeCare, which is an entity and not an individual, alleges that Mr. Njie has failed to state a claim against it as he fails to identify any policy, custom or procedures that caused the constitutional violation of his Eighth Amendment rights as alleged with respect to the denial of medical care. (Doc. 22, Br. in Support Mot. to Dismiss.) In opposition to PrimeCare's motion to dismiss, Mr. Njie claims that "officials at the [DCP] including the medical staff of Primecare failed to act despite their knowledge that plaintiff was in extreme pain and was suffering from migraine headaches and fever due to the filth and extremely dangerous conditions plaintiff was forced to live in and his lack of a balanced diet." (Doc. 30, Njie's Br. in Opp'n to PrimeCare's Mot. to Dismiss.)

Primecare, as an entity, cannot be held liable for acts of its employees under *respondeat superior* or vicarious liability. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003)(citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978)). To hold PrimeCare liable, Mr. Njie "must prove evidence that there was a relevant [PrimeCare] policy or custom, and that the policy caused the constitutional violation [he] allege[s]." (*Id.*)(citing *Bd. of County Comm'rs of Bryan County Oklahoma v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997)).

"A policy is made 'when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation,

policy or edict.' " (*Id.*)(quoting *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996)). A "custom" need not be formally approved by a decisionmaker but must be "'so widespread as to have the force of law.'" ( *Id.*) (quoting *Bryan County*, 520 U.S. at 404, 117 S.Ct. at 1388.) An employee's acts are the result of a policy or custom in three situations: (1) where the act complained of is an implementation of a statement of policy; (2) where the policymaker itself violates federal law; and (3) "where 'the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policy maker can reasonably be said to have been deliberately indifferent to the need.' " *See Natale*, 318 F.3d at 584 (quoting *Bryan County*, 520 U.S. at 417-18, 117 S.Ct. at 1395).

Mr. Njie's claim against PrimeCare concerns an unidentified nurse, and possibly other PrimeCare staff, who allegedly denied his requests for medical treatment for wrist pain, fever and migraines while in lockdown status at the DCP. Mr. Njie does not allege that a policy or custom of denying medical treatment caused his injury. Nor does Mr. Njie allege or provide evidence supporting an obviously inadequate practice by PrimeCare that was likely to result in a violation of Eighth Amendment rights. Therefore, PrimeCare may not be held liable under § 1983. The Court will grant PrimeCare's motion to dismiss. However, again Mr. Njie will be granted leave to amend his Eighth Amendment medical claim to properly identify those PrimeCare, or other, individuals who were personally involved with the alleged deliberate indifference to his serious medical needs while at the DCP.

*C. Allowance to Amend*

In preparing his amended complaint, Mr. Njie is advised that, among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964. A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). (*Id.*); *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

The "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D.Pa. 1992). Additionally, it must specify the existence of actions by defendants which have resulted in constitutional deprivations. *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 370-73, 96 S.Ct. 598, 603-05, 46 L.Ed.2d 561 (1976).

Further, to meet the standards set forth in Fed. R. Civ. P. 8, a complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate

notice."[4] *Purveegiin v. Pike County Corr. Facility*, No. 3:CV-06-0300, 2006 WL 1620219 (M.D.Pa. June 6, 2006).

If Mr. Njie fails to submit an amended complaint consistent with this memorandum, and in the time allowed in the attached order, the Court will close this case.

The court will issue an order consistent with this memorandum.

                                            **/s/ A. Richard Caputo**
                                            **A. RICHARD CAPUTO**
                                            **United States District Judge**

**Date: September 29, 2009**

---

[4] As to injury, Mr. Njie is reminded that under 42 U.S.C. § 1997e(e), "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Section 1997e(e) requires more than a *de minimis* physical injury before an emotional injury may be alleged. *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003). However, should Mr. Njie's amended complaint seek nominal or punitive damages, or declaratory or injunctive relief, rather than compensatory damages, section 1997e(e)'s requirement that a prisoner demonstrate physical injury before he can recover for mental or emotional injury would not apply. *See id*. (recognizing that section 1997e(e) does not prevent a prisoner from obtaining nominal or punitive damages or declaratory or injunctive relief).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MOMODOU DODOU NJIE,** : | |
| : | |
| **Plaintiff** : | |
| : | CIVIL NO. 3:CV-08-2043 |
| **v.** : | |
| : | (Judge Caputo) |
| **DOMINICK D. DeROSE,** *et al.*, : | |
| : | |
| **Defendants** : | |

# O R D E R

**AND NOW**, this **29th** day of **September, 2009**, for the reasons set forth in the accompanying Memorandum, **IT IS ORDERED THAT**:

1. Defendants Carol, DeFrancesco, DeRose, Haste, Marsico, and Nicholas' Motion to Dismiss (doc. 18) is **GRANTED**.

2. Defendant PrimeCare Medical, Inc.'s Motion to Dismiss (doc. 21) is **GRANTED**.

3. Defendant Mayor Reed's Motion to Dismiss (doc. 23) is **GRANTED** as unopposed.

4. Within twenty (20) days of the date of this Order, Mr. Njie may file an amended complaint in accordance with the Federal Rules of Civil Procedure.

5. Failure to submit an amended complaint in accordance with the attached Memorandum will result in the dismissal of this case without prejudice.

6. The Clerk of Court is directed to send Mr. Njie two (2) copies of this Court's form civil-rights complaint which he should use in preparing his amended complaint.

                                               **/s/ A. Richard Caputo**
                                               **A. RICHARD CAPUTO**
                                               **United States District Judge**